**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CHRISTOPHER YNOSENCIO YSAIS,

    Plaintiff,

vs.                                                  No. CIV. 08-0595 MV/DJS

CHILDREN, YOUTH and FAMILY SERVICE DEPARTMENT;
JENNIFER LYNN, as an employee of CYFD, and as an individual;
HAVEN HOUSE, as an individual;
DIANA TORRANCE, as the director of Haven House and as an individual;
and the STATE of NEW MEXICO,

    Defendants.

**MEMORANDUM OPINION AND ORDER DISMISSING CASE**

THIS MATTER comes before the Court on Plaintiff Christopher Ynosencio Ysais' Motion to Proceed *in forma pauperis* ("IFP"), filed June 23, 2008 (Doc. 2), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

In screening the complaint, the Court resolves the issue whether the complaint states a claim on which relief may be granted by applying the same standards used in resolving motions to dismiss for failure to state a claim brought under FED. R. CIV. P. 12(b)(6). *See Kay v. Bemis*, 500 F.3d 1214,

1217 (10th Cir. 2007). This means that the Court must

> look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' factual allegations in a complaint must be enough to raise a right to relief above the speculative level. In addition, [the Court] must construe a pro se [] complaint liberally.

*Id.* at 1218 (internal quotation marks, original brackets, and citations omitted).

The Court recently remanded Ysais' divorce and child custody action to state court. Ysais had improperly removed that case to this Court in his ongoing attempt to make a federal case out of the state-court custody proceedings. He sought temporary restraining orders in that action and in this one to control, stop, or impose conditions in the ongoing state-court custody proceeding, *see Ysais v. Ysais*, No. 08cv448, Doc. 13 (D.N.M. Aug. 28, 2008), which this Court has no authority to issue. In *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999), the Tenth Circuit noted that

> "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-when such relief could adequately be sought before the state court." *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings "involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Taylor*, 126 F.3d at 1297. *Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances.

The Court also takes judicial notice that Ysais has filed another federal complaint against the State of New Mexico and the Children Youth and Family Service Department of the State of New Mexico ("CYFD") based in part on the same allegations involving Jennifer Lynn, who was an

employee of the CYFD in 2005, and against Haven House[1], which provided therapeutic services to Ysais' young son in 2005. *See Ysais v. Richardson et. al*, No. 07cv0287 JB/RLP, Doc. 1 (D.N.M. 2007). Ysais failed to effect service on Haven House and Lynn in case number 07cv287. *See id.*, Doc. 422 at 2 (noting that, although the law set forth in the July 9, 2008 Order that dismissed all federal and state-law claims against the state agencies and their employees applied to Lynn as a state employee acting in her official capacity, because she had not been served with the complaint, the order would be amended so as not to refer to her). All of Ysais' claims in both cases involve the pending child custody proceedings in state court and a criminal proceeding for alleged child abuse that apparently terminated in his favor. On July 9, 2008, the Honorable James O. Browning issued an order concluding that the State of New Mexico, the CYFD, and its employees acting in their official capacities were immune from suit in federal court on Ysais' claims; that Ysais had failed to state a claim for relief under 42 U.S.C. § 1983 or § 1985; and that the individual state-agency employees retained immunity under state law for the state-law claims against them. *See* 07cv0287, Doc. 10 at 9-12. The Court has refused Ysais' multiple requests to amend his Complaint because he had not stated facts on which a cognizable claim could be based. *See id.*, Docs. 423, 489. For these same reasons, because the allegations in the case at bar involve only Lynn's actions as a state employee, Ysais cannot state a claim against Lynn and amendment would be futile.

      The only facts that Ysais alleges in the case at bar against Haven House and Diana Torrance, its director, are that Haven House provided therapy for Ysais' son in 2005 after the son's mother, Ms. Angela Leyba, took him "to Haven House for therapy" "without his consent or immediate

---

[1] Ysais contends that Haven House receives money from the State of New Mexico and is an employee of the State. For purposes of analyzing whether Ysais has stated a claim, the Court accepts as true Ysais' contentions.

knowledge that these events were occurring," and that Haven House refused to honor a state-court subpoena to turn over information regarding the therapy to Ysais in December 2005. *See* 08cv0595, Doc. 1 at 5, 9. These allegations do not state a cognizable federal claim or a state-law claim on which this Court may grant relief. Ysais also asserts that Haven House and Torrance "made false written statements alleging that Mr. Ysais abused his child." *Id.* at 13. Insofar as this allegation may potentially state a state-law claim for libel if the statements were made to anyone other than state authorities[2], because there are no cognizable federal claims, the Court will decline to take supplemental jurisdiction over any potential state-law claims.

The Court has closely reviewed Ysais' Complaint and concludes that, as in his previous Complaint, he has not stated a cognizable claim for relief under federal law against any Defendant; that state employees acting in their individual capacities would retain their state-law immunity from suit on his state-law claims; and that amendment would be futile. The Court declines to take supplemental jurisdiction over any potentially cognizable state-law claims. The Court therefore concludes that Ysais' request to proceed *in forma pauperis* must be denied and that his Complaint must be dismissed under the *Younger* abstention doctrine and under § 1915(e)(2)(B) for failure to state a claim and for seeking monetary relief against defendants who are immune from such relief.

**IT IS ORDERED** that Ysais' Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is DENIED and the Complaint is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

---

[2] As Judge Browning noted, N.M.S.A. 1978, § 32A-4-3 of the New Mexico Children's Code imposes a statutory duty upon every person who reasonably suspects child abuse to report the suspicion to local law enforcement or the human health and services department, thus there can be no civil liability for complying with the statute. *See* 07cv287, Doc. 390 at 2; Doc. 426 at 4.